LENNIE F. DARDEN and BRENDA H. DARDEN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Darden v. Commissioner
Docket No. 20194-85.
United States Tax Court
T.C. Memo 1987-174; 1987 Tax Ct. Memo LEXIS 170; 53 T.C.M. (CCH) 498; T.C.M. (RIA) 87174; March 30, 1987. Claude T. Allen, for the petitioners. Michael Urban, for the respondent. POWELL
MEMORANDUM FINDINGS OF FACT AND OPINION POWELL, Special Trial Judge:[1] The issue in this case is whether petitioners are entitled to exclude from income a portion of their 1981 income under section 911(a). [2] The facts are as follows: *171 Since 1978 Lennie F. Darden, Jr. (petitioner) [3] has been employed by the Western Company or a subsidiary (Western) as a "tool pusher" on off-shore oil drilling rigs. From 1978 to January 1981, the rig was located off the coast of Cameroon. During 1981 the rig was moved to Kenya and then to Sri Lanka for the last three months of 1981. Petitioner testified that he went wherever Western sent him and, accordingly, moved with the rig. Petitioner worked on the rig for 28 days and was off for 28 days. When petitioner was not on the rig, he was free to do whatever he wanted. Petitioner went to Louisiana when he was not on the rig. Petitioner's mother and wife (after September, 1981) lived in Louisiana, and petitioner owned a house in Louisiana. During 1981 petitioner was away from the United States for 138 days. Petitioner was paid $50,546.25 by Western in 1981. On his 1981 Federal income tax return petitioner reported the amount received from Western. In June, 1983, petitioner filed an amended return on which he claimed an exclusion of income in the amount of $6,740 under section 911 and claimed that he *172 had overpaid his taxes for 1981 by $2,618. Upon examination the exclusion was disallowed, and, by a notice of deficiency dated March 29, 1985, respondent determined a deficiency in the amount of $2,618. Petitioner timely filed a petition with this Court on June 24, 1985. At the time the petition was filed petitioner and his wife resided in Louisiana. Section 911(a) provided an exclusion from income for certain amounts of "earned income" by an individual described by section 913(a) who "because of his employment, resides in a camp located in a hardship area." Respondent concedes that petitioner resided in a camp located in a hardship area while he was working for Western during 1981. Respondent, however, contends that petitioner is not an individual described in section 913(a). Section 913(a) described two categories of individuals: a citizen of the United States who "has been a bona fide resident of a foreign country or countries for an uninterrupted period which includes an entire taxable year" (section 913(a)(1)) or a citizen or resident "who during any period of 18 consecutive months is present in a foreign country or countries for at least 510 full days in such period" (section *173 913(a)(2)). Petitioner contends that he satisfies the provisions of both sections 913(a)(1) and (2). With respect to section 913(a)(2), it is quite clear that petitioner does not meet the requirements of that section. In 1981 petitioner was present in foreign countries for 138 days. Even if we assume that he was present in foreign countries for the final six months of 1980 or the first six months of 1982 (an assumption that is highly unlikely because of the 28-day rotation schedule), the most days that petitioner could have been present in foreign countries would be 321 days. Clearly the 510 day physical presence test of section 913(a)(2) is not met. Section 913(a)(1) presents the question whether petitioner was a bona fide resident of the foreign countries in 1981. The question whether petitioner was a bona fide resident of foreign countries is primarily one of fact. , affg. per curiam ; . This Court and others have considered various factors in determining the place of residence of a taxpayer -- e. *174 g., among other stated factors, his intent, whether he establishes a home for an indefinite period, his participation in the community, his status compared with that of a transient, and the residence of his family. See ; . Petitioner essentially contends that in each country he intended to establish a residence on the rig in countries where the rig was located. We do not find this persuasive because his objective manifestations belie that conclusion. While it is true that he was absent from the United States, a mere absence is not enough. See , cert. denied . First, we note that petitioner was present in the United States for a substantially greater period than he was abroad. Compare . By the nature of his employment, petitioner was required to leave the rig each 28 days. He made no effort to acquire other lodging in any of the countries. Rather, he returned to Louisiana *175 where he owned a home and where his family resided. When questioned about his activities during the 28 days when he was away from the rig, petitioner testified that he would come "home" to Louisiana to take care of business there. This testimony hardly supports his contention that he established residences abroad. Finally, we note petitioner's passport indicates at least some of the visas were for short periods of time for business purposes. These visas do not indicate a period of indefinite residence. Petitioner also suggests that he integrated into the local life by helping sponsor local football teams. But a moment of local benevolence hardly establishes the type of participation in the life of the local community to give rise to an inference of residency. More to the point would have been some evidence that petitioner learned the local languages and participated in cultural events. Such evidence is totally lacking. In sum, we find that the objective criteria mandate the conclusion that petitioner, rather than being a resident of a foreign country, was a resident of Louisiana and simply traveled from Louisiana to wherever Western told him to go for 28-day periods. In *176 this regard, he was not different from workers on rigs off Louisiana and he does not satisfy the requirements of section 913(a)(1). Decision will be entered for the respondent.
Footnotes
1. This case was assigned pursuant to the provisions of section 7456(d) (redesignated as section 7443A by the Tax Reform Act of 1986, Pub. L. 99-514, section 1556, 100 Stat. 2755) and Rules 180 et seq. ↩
2. All statutory references are to the Internal Revenue Code of 1954, as amended, and as in effect during the year in issue.↩
3. All references to petitioner will refer to Lennie F. Darden, Jr.↩